UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-46 (PJS/BRT)

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOSE ANTONIO CABAN, JR.,

Defendant.

**PLEA AGREEMENT AND
SENTENCING STIPULATIONS**

The United States of America and the defendant, Jose Antonio Caban, Jr., agree to resolve this case on the terms and conditions that follow.  This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota.  This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

**<u>FACTUAL BASIS</u>**

1.     The government and the defendant agree that, on October 7, 2019, in the State and District of Minnesota, the defendant, Jose Antonio Caban, Jr., knowing that he previously had been convicted of at least one crime punishable by more than a year in prison, knowingly and intentionally possessed a loaded Hi-Point JCP .40 caliber semi-automatic pistol, serial number X7244974.  Specifically, the defendant possessed the firearm while seated as a front passenger in a vehicle being driven by another person. Police recovered the loaded firearm during a traffic stop.  They also recovered approximately 210 grams of amphetamine from the vehicle.  The defendant stipulates and agrees that he knowingly and intentionally possessed the firearm that day, he knew he was

not supposed to possess the firearm because of his previous felony convictions, which are itemized in the Indictment, and he knew his actions violated the law. The parties further stipulate that the firearm was manufactured outside the State of Minnesota and previously had traveled in interstate commerce.

## PLEA AGREEMENT

2.    **Penalties**. The defendant will plead guilty to the one-count Indictment, which charges him with being a felon in possession of a firearm in violation of Title 18, United States Code, Section 922(g)(1). Count 1 carries a statutory penalty of:

A. a maximum of 10 years imprisonment;

B. a fine of up to $250,000;

C. a supervised release term of up to 3 years;

D. a mandatory special assessment of $100; and

E. the assessment to the defendant of certain costs of prosecution, imprisonment and supervision.

3.    **Revocation of Supervised Release**. The defendant understands that, if he were to violate any condition of supervised release, he could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

4.    **Acceptance of Responsibility**. In exchange for the defendant's plea of guilty to the one-count Indictment, the government agrees to move for a 3-level reduction for acceptance of responsibility provided that the defendant (1) testifies truthfully during the change of plea hearing, (2) participates truthfully with the Probation Office in the

2

presentence investigation, (3) does not violate any conditions of pretrial detention and (4) continues to exhibit conduct consistent with acceptance of responsibility.

## GUIDELINE FACTORS

5.      The defendant understands that he will be sentenced with reference to the applicable United States Sentencing Guidelines, which are advisory.  The parties have stipulated to the following sentencing factors.  The parties' stipulations are binding on them but are not binding upon the Court.  If the Court determines the sentencing factors to be different from those set forth below, the defendant shall not be entitled to withdraw from the plea agreement on that basis.  Notwithstanding the following stipulations, nothing in this plea agreement prevents the parties from bringing to the attention of the Court and the United States Probation Office all information in their possession regarding the offense and the defendant's background.

6.      **Base Offense Level**.  The parties believe, but do not stipulate, that the base offense level is 14.  However, if the Court determines that the defendant has one or more prior convictions for a crime of violence or controlled substance offense, the base offense level could increase.

7.      **Specific Offense Characteristics**.  The government's position is that the base offense level must be increased by four levels because the defendant possessed the firearm in connection with another felony offense; namely, possession with the intent to distribute amphetamine.  The defendant reserves his right to object to this enhancement and understands that the Court will decide the issue as a sentencing matter.  The parties

3

agree that none of the other specific offense characteristics listed under Guideline Section 2K2.1(b) are applicable in this case.

8.    **Adjustments/Role in the Offense.**   The parties agree that none of the adjustments set forth in Guideline Sections 3A1.1 through 3C1.4 are applicable in this case. The parties agree that the defendant was an average participant in the offense.

9.    **Acceptance of Responsibility.**   The government will move for a 3-level reduction for acceptance of responsibility under the conditions set forth in paragraph 4.

10.    **Criminal History Category.**   The parties believe but do not stipulate that the defendant's criminal history category is VI. If the defendant's criminal history category as finally computed is different from category VI, neither party may seek to withdraw from the plea agreement based upon that ground.

11.    **Guideline Range.**   Depending on the Court's resolution of guideline factors, the parties believe the following guideline ranges are possible:

A.    Assuming an offense level of 15 (base 14 + 4 felony offense - 3 acceptance of responsibility) and a criminal history category of VI, the resulting guideline range is 41-51 months imprisonment;

B.    Assuming an offense level of 12 (base 14 - 2 acceptance of responsibility) and a criminal history category of VI, the resulting guideline range is 30-37 months imprisonment.[1]

---

[1]   If the base offense level is 14 with no enhancements, then the defendant is eligible only for a two-level reduction for acceptance of responsibility, not a three-level reduction. U.S.S.G. § 3E1.1(b). The defendant is also facing revocation of his supervised release in Cr. 12-182 (DSD). The guideline range for the supervised release violation is 33-41

4

12. **Departures/Variances**. Both parties reserve their respective rights to seek a departure or a variance from the otherwise applicable guideline range.

13. **Fine Range**. Assuming an offense level of 15, the fine range is $7,500 to $75,000. Assuming an offense level of 12, the fine range is $5,500 to $55,000.

14. **Supervised Release**. The Guidelines require the Court to impose a term of supervised release of 1-3 years. U.S.S.G. §§ 5D1.1(a), 5D1.2(a)(2).

15. **Special Assessment**. Not later than the day of sentencing, the defendant shall pay to the clerk of the United States District Court $100.00 as payment of the mandatory special assessment.

16. **Forfeitures**. The defendant hereby forfeits to the United States all of his right, title and interest in the Hi-Point JCP .40 caliber semi-automatic pistol, serial number X7244974, and any ammunition associated with that gun. The government reserves its right to proceed against any of the defendant's other assets if said assets represent real or personal property involved in violations of United States law, or are proceeds traceable to such property.

This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant.

---

months, which ordinarily must be served consecutively to the sentence for the instant offense. This plea agreement does not address the supervised release violation.

Respectfully submitted,

Dated:   5/19/20

ERICA H. MacDONALD
United States Attorney

BY JEFFREY S. PAULSEN
Assistant U.S. Attorney

Dated:   5/19/2020

JOSE ANTONIO CABAN, JR.
Defendant

Dated:   5/19/2020

KENNETH U. UDOIBOK
Counsel for Defendant

6